UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02882-JC | Date | August 22, 2025 |
|---|---|---|---|
| Title | Stella Arakelyan, et al. v. Kika Scott, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| none | none |

**Proceedings:**         (IN CHAMBERS)

### ORDER DIRECTING PLAINTIFFS TO SUPPLEMENT RESPONSE TO ORDER TO SHOW CAUSE

On July 21 , 2025, this Court issued an Order to Show Cause directing Plaintiffs within fourteen (14) days, to show cause, if there be any, why complete service had not timely been made on Defendants, and why this case should not be dismissed without prejudice as against Defendants for failure to effectuate service and for lack of prosecution. More specifically, the Court noted that although Plaintiffs had submitted proofs of service reflecting that a copy of the summons and complaint had been sent to each Defendant by registered or certified mail (Docket Nos. 15-17), no proofs of service had been filed reflecting that the United States itself had been served as required – *i.e.*, no proof of service had been filed reflecting that (1) (a) a copy of the summons and complaint had been delivered to the United States Attorney for the Central District of California or to an Assistant United States Attorney or clerical employee whom the United States Attorney had designated in a writing filed with the Court clerk; or (b) a copy of the summons and complaint had been sent by registered or certified mail to the civil process clerk at the United States Attorney's Office; or (2) a copy of the summons and complaint had been sent by registered or certified mail to the Attorney General of the United States at Washington, D.C. (Fed. R. Civ. P. 4(i)(1)-(2)).

On August 9, 2025, Plaintiffs filed a response to the Order to Show Cause (albeit a late one) in which they assert that service was completed on June 6, 2025, within the requisite ninety (90)-day period ending July 2, 2025. **However, the only evidence Plaintiffs cite is the three previously described proofs of service (Docket Nos. 15-17) which only reflect that copies of the summons and complaint were sent to the named individuals themselves (albeit assertedly "by Atty General of the United States") and do not reflect that the United States itself has been served.**[1] In short, to date, Plaintiffs

---

[1]Upon further review, it also appears that Plaintiffs' proofs of service for the three named Defendants are deficient as they reflect that copies of the complaint and summons were sent to them at the address for the United States Department of Justice instead of the United States Department of

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-02882-JC | Date | August 22, 2025 |
|---|---|---|---|
| Title | Stella Arakelyan, et al. v. Kika Scott, et al. | | |

have failed to demonstrate that service upon the Defendants has been completed or to show good cause why complete service has not timely been made on Defendants, and why this case should not be dismissed without prejudice as against the Defendants for failure to effectuate service and for lack of prosecution.

In light of the foregoing, IT IS HEREBY ORDERED pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule 41-1, that within fourteen (14) days of the date of this Order, Plaintiffs shall file a Supplement to their Response to Order to Show Cause showing cause, if there be any, why complete service has not timely been made on Defendants, and why this case should not be dismissed without prejudice as against the Defendants for failure to effectuate service and for lack of prosecution. Failure timely to respond to this Order or to show cause, may result in the dismissal of this action without prejudice for failure to effectuate service and/or for lack of prosecution.

IT IS SO ORDERED.

---

[1](...continued)
Homeland Security and United States Citizenship and Immigration Services. As best as the Court can determine, Plaintiffs appear to have attempted to conflate the requirements of Fed. R. Civ. P. 4(i)(1) and 4(i)(2). **To be clear, Rule 4(i) requires Plaintiffs to serve five separate copies of the summons and complaint – one each upon the three named Defendants at their respective addresses (not at the Department of Justice), one upon the United States Attorney for the Central District of California/his designee, and one upon the United States Attorney General at her respective address at the Department of Justice.** The record does not reflect that this has yet occurred.